UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER LEE GOLDMAN, a/k/a KOTTIE PALOMA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SAAYID ASAAD, an individual; KEVON STOREY, an individual; and EPIC RECORDS, a New York company,<br><br>Defendants. | Case No. 2:15-cv-01586-APG-CWH<br><br>**ORDER**<br><br>(ECF No. 33) |

Plaintiff Christopher Lee Goldman filed objections to Magistrate Judge Hoffman's order denying Goldman's motion to file exhibits to its motion for default judgment under seal. ECF No. 33.

Goldman's blanket request to file all billing records under seal goes too far. As Magistrate Judge Hoffman points out, the fact that counsel researched and prepared a pleading or motion is not confidential or protected by the attorney-client privilege or work product doctrine, especially when the pleading or motion is filed in court. Nevertheless, billing records that reveal the contents of attorney-client privileged conversations or the attorney's confidential work product would be protected.

Goldman claims the hourly rates his attorneys charge are protected trade secrets under Nevada Revised Statutes § 49.325(1). The statute does not define "trade secret" and Goldman offers no caselaw applying the statute to lawyers' rates. Magistrate Judge Hoffman's decision on this issue is not clearly erroneous or contrary to law. Local Rule IB 3-1. Therefore, that portion of Goldman's objection is overruled; he cannot shield his lawyers' hourly rates from disclosure.

IT IS THEREFORE ORDERED that Goldman shall file an unredacted version of its billing records under seal by July 28, 2017. By that date, Goldman shall also file an unsealed version of

those same records, but may redact only those specific portions of entries that reveal the contents of attorney-client privileged conversations or the attorney's confidential work product.

Dated: July 14, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE