# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER LEE GOLDMAN, a/k/a KOTTIE PALOMA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> SAAYID ASAAD, an individual; KEVON STOREY, an individual; and EPIC RECORDS, a New York company, <br><br> Defendants. | Case No. 2:15-cv-01586-APG-CWH <br><br> **ORDER FOR ENTRY OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS** <br><br> (ECF No. 28) |

Plaintiff Christopher Lee Goldman a/k/a Kottie Paloma (hereinafter "Plaintiff") filed an application for entry of default against defendants Saayid Asaad, Kevon Storey, and Epic Records (hereinafter "Defendants") pursuant to Rule 55 of the Federal Rules of Civil Procedure. ECF No. 28. The Defendants failed to respond or answer Plaintiff's First Amended Complaint previously served upon them. I have given due consideration to Plaintiff's application for default judgment as well as all papers, pleadings, and exhibits offered in support of it. The factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) favor entry of default judgment.

IT IS THEREFORE ORDERED that the application for default judgment **(ECF No. 28) is GRANTED.** Judgment shall be entered in favor of Plaintiff and against Defendants on all counts of Plaintiff's First Amended Complaint. In support of this entry of default judgment, I make the following specific findings of fact:

1. Plaintiff is the author and owner of the ("the Asserted Work"), entitled "West Coast Love," for which an application for copyright registration has been made with the United States Copyright Office. The Asserted Work is a work of art constituting a social commentary upon the rap music industry. The Asserted Work is depicted as follows:



2. Since its creation by Plaintiff, the Asserted Work has been widely displayed in the United States and elsewhere, including via the Internet.

3. Defendant Asaad, acting in concert with one or more of defendants Epic Records and Kevon Storey, used the derivative work as the cover artwork for Asaad's "single" entitled "Boss Status" ("the Accused Work"), which album was released by defendant Epic Records.

4. The Accused Work is manifestly a reproduction of the Accused Work, over which has been imposed the numeral "6", presumably in reference to Asaad's full-length album titled "006" released after the "single" entitled "Boss Status." The Accused Work is depicted as follows:



IT IS FURTHER ORDERED that Defendants, and their agents, representatives and all others in active concert or participation with them, are hereby permanently enjoined from (a) manufacturing, distributing, selling and publicly displaying any products using Plaintiff's Asserted

Work entitled "West Coast Love," and (b) copying or creating derivative works of Plaintiff's Asserted Work entitled "West Coast Love."

IT IS FURTHER ORDERED that, pursuant to 17 U.S.C § 504(c)(2), Defendants shall pay Plaintiff statutory damages of $150,000.00 for willfully infringing the image covered by Plaintiff's copyright registration at issue.

IT IS FURTHER ORDERED that Defendants shall pay Plaintiff's attorneys' fees and costs in the amount of $25,103.45.

IT IS FURTHER ORDERED that post-judgment interest shall be allowed as authorized by law until the judgment is satisfied.

Dated: August 9, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE